UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| YULIKAR GARCIA LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:25-cv-00253-TWP-KMB |
| | ) |
| SAMUEL OLSON, | ) |
| KRISTI NOEM, | ) |
| PAM BONDI, | ) |
| SCOTT MAPLES, JR., | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR HABEAS CORPUS**
**AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on December 28, 2025, by Petitioner Yulikar Garcia Lopez ("Lopez"), (Dkt. 1). Lopez challenges the Department of Homeland Security's ("DHS") revocation of her parole and her subsequent civil detention in Clark County Jail. *Id*. She seeks immediate release from detention based on the government's failure to abide by its own process for revoking her parole. *Id*. Respondents responded to the petition on January 4 and January 5, and Lopez replied on January 5, 2026. (*See* Dkts. 10, 11, 12). For the reasons described below, Lopez's habeas petition is **granted** and Respondents are Ordered to **immediately release Lopez from detention**.

**I.  BACKGROUND**

Lopez is a native of Venezuela. Upon application for entry into the country, she was detained by DHS on or about June 14, 2024 when she arrived in the United States, and thereafter paroled and released. (Dkt. 1 at 7; Dkt. 10-1 at 16). On October 23, 2024, she filed an I-589 Application for Asylum and for Withholding of Removal, which remains pending. (Dkt. 1-2 at 1-

9). Since 2024 Lopez has resided in Illinois. On or about October 22, 2025, Lopez was a passenger in a vehicle on her way to work, when she was re-detained by DHS during "Operation Midway Bilitz" without notice or revocation of her parole. (Dkt. 1 at 1).

Lopez was subsequently transferred to the Clark County Jail in Jeffersonville, Indiana, where she remains detained. *See* U.S. Immigration and Customs Enforcement, "Online Detainee Locator System," https://locator.ice.gov/odls/#/search (search reflecting that Lopez, under the name "Garcia Lopez, Yulikar Maryori," is still housed at the Clark County Jail as of January 9, 2026).

## II.  DISCUSSION

Lopez raises claims for relief under the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment of the United States Constitution. (Dkt. 1 at 7-8). She requests immediate release due to her unlawful arrest and detention and notice and a hearing before an immigration judge prior to any future re-detention. *Id*. at 8.

### A. Exhaustion

Respondents argue that the instant petition is premature because Lopez has not exhausted all available administrative remedies in seeking a bond hearing under 8 U.S.C. § 1226. Dkt. 10 at 5-6. Lopez, however, has not based her petition on the availability of discretionary bond under § 1226, but rather revocation of parole under 8 U.S.C. § 1182(d)(5)(A). Accordingly, Respondents' exhaustion arguments are not well taken.

The Court is aware of no statutory requirement that Lopez seek any administrative relief on this matter before seeking habeas relief, and Respondents have not provided any. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether

courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Moreover, "[a] court may choose to rule upon the merits of the issues presented when the "legal question is 'fit' for resolution and delay means hardship." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted). Here, it is clear delay would result in hardship to Lopez, and the factual record is complete and undisputed. The Court, therefore, declines to require exhaustion.

### B.  8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 212.5

Aliens who are physically present in the United States pursuant to a grant of parole are not considered "admitted" for purposes of deportation proceeding eligibility. 8 U.S.C. § 1182(d)(5)(A). This status is only temporary, allowing non-citizens entry while they await the resolution of their immigration proceedings. The INA grants the Secretary of Homeland Security the authority, within certain confines, to both grant and revoke parole, stating:

> The Secretary of Homeland Security may, [. . .] in [her] discretion parole into the United States temporarily under such conditions as [she] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A) ("the parole statute"). To parole a non-citizen into the United States, the Secretary must determine on a "case-by-case basis" whether there are "urgent humanitarian reasons or [a] significant public benefit" in doing so. And to revoke that parole status, the Secretary must determine that those purposes have been served. *Id*.

The Secretary's parole powers are further refined by 8 C.F.R. § 212.5, specifically when it comes to the ability to revoke parole. The regulation restates much of the parole statute's language while adding clarity regarding what is required for parole to be revoked:

(e) Termination of parole —

>(1) Automatic. Parole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

>(2)(i) On notice. [If the parolee has not left the country and the parole period has not expired], upon accomplishment of the purpose for which parole was authorized or when in the opinion of [the Secretary or her delegees], neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.

8 C.F.R. § 212.5(e)(1) - (2)(i). In this way, the regulation sets forth the conditions necessary for the Secretary to revoke parole and how she must go about doing so.

In revoking parole status, Respondents must comply both with the statute and their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954); *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021) ("*Accardi* and its progeny teach generally that federal agencies are required to follow their own regulations and some other formally adopted procedures, including those that govern exercises of an agency's discretion.").

### C. Lopez's Parole Revocation and Re-detention are Unlawful

Lopez argues that Respondents failed to comply with the applicable statutory and regulatory requirements for revoking her parole. (Dkt. 11 at 3). She asserts that the parole statute and 8 C.F.R. § 212.5(e)(2)(i) require Respondents to provide an individualized, case-by-case review in revoking a non-citizen's parole—the same case-by-case assessment the parole statute

4

explicitly requires in granting parole. *Id*. at 4. Lopez argues that in failing to provide such an individualized determination, Respondents violated the parole statute and its own regulation, her parole has not been properly revoked, and as a result, her detention is unlawful. *Id*. at 4-5.

In its response, the government failed to address Lopez's parole revocation charge and, instead, argued that her detention is authorized by 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226(a), addressing an argument that Lopez does not make. As a result, Respondents have waived any defense to Lopez's improper parole revocation charge. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). ("Failure to respond to an argument . . . results in waiver."). In any event, the facts before the Court demonstrate that Lopez's parole was not properly revoked, rendering her civil detention unlawful.[1]

Neither the revocation clause in the parole statute nor the regulation explicitly refer to a "case-by-case" or "individualized" assessment. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2)(i). But the statute and the regulation nevertheless impose specific procedural requirements on the Respondents. The question in this case is whether Respondents failed to comply with those procedures, and the Court finds they have not.

To revoke Lopez's parole, the parole statute and § 212.5(e)(2)(i) require Respondents to determine that the purpose on which Lopez was paroled into the United States had been "served" (whether that was a specific purpose for her entry or, if not, because "neither humanitarian reasons nor public benefit warrants [her] continued presence" in the United States). There is no evidence in the record that Respondents made a determination pursuant to § 212.5(e)(2)(i). Likewise, no evidence in the record reflects a determination by the Secretary or her delegee that the purpose of Lopez's parole has been accomplished.

---

[1] Although the parole statute provides for automatic revocation, *see* 8 C.F.R. § 212.5(e)(1), there is no evidence in the record or any argument from the respondents that any of these limited factual circumstances apply here.

In addition, 8 C.F.R. § 212.5(e)(2)(ii) requires Respondents to serve written notice of the revocation on Lopez. There is no evidence in the record that Respondents gave notice under § 212.5(e)(2)(ii). Without any suggestion that a determination under § 212.5(e)(2)(i) or notice occurred, Respondents could not have complied with § 1182(d)(5)(A) or the regulations in § 212.5(e)(2) in revoking Lopez's parole. Revocation of Lopez's parole and Lopez's detention are, therefore, unlawful.

### III. SCOPE OF RELIEF

Lopez is entitled to habeas relief because her parole revocation and continued detention violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Lopez requests immediate release from custody. Immediate release is the customary remedy in habeas proceedings, and the Court finds it appropriate here. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).

### IV. CONCLUSION

Lopez's Petition for Writ of Habeas Corpus, Dkt. [1] is **GRANTED.**

Respondents, **by no later than 5:00 p.m. EST on Monday January 12, 2026**, must file documentation with the Court showing that Lopez has been released from custody subject to the conditions of her previous parole.

Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 1/9/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record